IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | |
| ) | |
| GENERAL MOTORS CORPORATION ) | |
| DEX-COOL PRODUCTS LIABILITY ) | CIVIL NO. MDL-03-1562-GPM |
| LITIGATION. ) | |
| ) | |
| ANTHONY NATALE, JR., On Behalf of ) | |
| Himself and All Others Similarly Situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-10007-GPM |
| ) | |
| GENERAL MOTORS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action was transferred from the District of Massachusetts by the Judicial Panel on Multidistrict Litigation (JPML) for coordinated and consolidated pretrial proceedings with other actions involving allegations that Dex-Cool engine coolant in certain GM vehicles caused significant damage to the vehicles and/or did not perform as warranted. When the JPML issued its Conditional Transfer Order, which Plaintiff opposed, the Honorable Reginald C. Lindsay, to whom the case was assigned in the District of Massachusetts, entered an Order denying without prejudice a motion to dismiss filed by Defendant, denying a motion to remand filed by Plaintiff, and denying a discovery motion filed by Defendant. Judge Lindsay stated in his Order that "[o]nce the transfer issue has been resolved, the parties may renew these motions should that appear necessary and appropriate

at the time." A certified copy of the Conditional Transfer Order was received by the Clerk of Court of the District of Massachusetts on January 30, 2006, and the case file was transferred to the Southern District of Illinois that day. To date, the motions have not been renewed in the consolidated proceeding. However, because it is the Court's obligation to examine its subject matter jurisdiction, *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("inquiring whether the court has jurisdiction is a federal judge's first duty in every case"), this Court has reviewed the notice of removal, the original and amended complaints, and the briefs relating to the motion to remand to determine whether federal subject matter jurisdiction exists.

This case was filed in Massachusetts state court on February 11, 2005, one week before the effective date of the Class Action Fairness Act of 2005 (CAFA), Pub. L. 109-2, 119 Stat. 4 (2005). The original complaint names Anthony Natale, Jr., as the sole named plaintiff. This complaint was never served on Defendant. On May 6, 2005, Defendant was served with a summons and a first amended complaint, which alleges, according to the notice of removal, "identical claims as the Feb. 11 complaint but adds a second named plaintiff, John Burns" (Notice of Removal, ¶ 5). The copy served upon Defendant was missing page 12. The amended complaint was never filed in state court. On June 3, 2005, Defendant removed the action to the District of Massachusetts, contending that removal is proper on three grounds: (1) jurisdiction exists under the provisions of the CAFA, 28 U.S.C. § 1332(d)(2); (2) jurisdiction is proper under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; and (3) the pre-CAFA diversity of citizenship and amount in controversy requirements are satisfied such that jurisdiction exists under 28 U.S.C. § 1332(a).

<u>Class Action Fairness Act</u>

Defendant's argument as to why removal is proper under the CAFA is several fold.

Defendant contends that Plaintiff Natale was never a proper plaintiff because the car he purchased was too old to be factory-equipped with Dex-Cool.  This contention was the subject of the discovery motion that was filed in the District of Massachusetts.  The argument continues that Plaintiff's counsel, after suffering a defeat in another Dex-Cool case in another Massachusetts state court, hurried to get this case on file before the CAFA was passed and, upon finding a proper plaintiff in Mr. Burns, have used the Natale complaint as a place-holder in state court.  Defendant argues that because Natale filed a patently deficient complaint, the addition of Burns's claim should "commence" the action for purposes of the CAFA.  Additionally, Defendant argues that because the original complaint is subject to mandatory dismissal for lack of service under Massachusetts procedure, the original complaint is not viable, and the amended complaint commences the action.

These arguments are easily disposed of.  Both of these arguments were set forth in the motion to dismiss, which Judge Lindsay denied without prejudice.  This Court must evaluate its jurisdiction – *i.e.*, its authority to proceed to the merits of the action.  The Seventh Circuit Court of Appeals has considered whether post-CAFA amendments to an action filed in state court before the effective date of the CAFA form a sufficient basis for removal.  *See, e.g., Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006);[1] *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755 (7th Cir. 2006) (*Knudsen II*); *Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330 (7th Cir. 2005); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748 (7th Cir. 2005); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005) (*Knudsen I*).  The question whether amending a complaint to add or substitute a named plaintiff (class representative) "commences" a new suit for purposes of removal under the CAFA

---

[1]*Phillips* is a consolidated appeal consisting of the *Phillips* case and *Boxdorfer v. DaimlerChrysler Corporation*.

was addressed in *Phillips*, and the answer is no. The addition of Burns is in many respects similar to the addition of the plaintiffs in the *Boxdorfer* case, which involved an original plaintiff whose claims were possibly barred by the statute of limitations. The Court of Appeals found (1) no jurisdictional bar to adding new plaintiffs in *Boxdorfer* because while the original plaintiffs' claims may have been in jeopardy, they had not been dismissed and, therefore, the case was "very much alive" and (2) under Illinois law, the amendment "related back" to the original complaint. *Phillips*, 435 F.3d at 787-88. As explained in *Knudsen II*, "a new contention relates back to the original complaint (and hence is not a new 'claim for relief' or 'cause of action') when the original pleading furnishes the defendant with notice of the events that underlie the new contention." 435 F.3d at 757. This is not inconsistent with Massachusetts law, which is more liberal than Federal Rule of Civil Procedure 15(c) in allowing amendments adding or substituting parties after the statute of limitations has expired. *See, e.g., Bengar v. Clark Equip. Co.* 517 N.E.2d 1286, 1287 (Mass. 1988); *Covel v. Safetech, Inc.*, 90 F.R.D. 427, 429-30 (D. Mass. 1981). As acknowledged by Defendant in the notice of removal, Natale and Burns complain of the same conduct. Whether one has a better claim than the other is irrelevant for purposes of jurisdiction. What is before the Court is whether the addition of Burns "commenced" a new action in state court such that the CAFA applies to it. *See Knudsen II*, 435 F.3d at 758 (a novel claim tacked on to an existing case commences new litigation for purposes of the CAFA). It did not; therefore, the CAFA does not apply.

<u>Magnuson-Moss Warranty Act</u>

Defendant argues that jurisdiction is proper under the Magnuson-Moss Warranty Act. However, that statute specifically provides that no claim shall be cognizable in the district court "if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."

15 U.S.C. § 2310(d)(3)(C).  Accordingly, removal on this basis is improper.

      <u>Pre-CAFA Diversity of Citizenship Jurisdiction</u>

      Finally, Defendant argues that removal is proper under 28 U.S.C. § 1332(a) because Plaintiff(s) are citizens of Massachusetts, Defendant is a citizen of Delaware (state of incorporation) and Michigan (principal place of business), and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Defendant relies on the injunctive relief sought to arrive at the amount in controversy and is correct that the Seventh Circuit applies the "either viewpoint" rule to determine the value of injunctive relief.  *See Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002).  Under this rule, courts may properly consider the costs to a defendant of complying with injunctive relief sought by the plaintiff in determining the amount in controversy. *Id*.  However, this rule still takes into account the nonaggregation rule that applies to class actions, and courts look separately at each named plaintiff's claim and the cost to the defendant of complying with an injunction directed to that plaintiff.  *Id*.; *accord In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 610 (7th Cir. 1997).

      Both the original and amended complaints ask the Court to issue a mandatory injunction "requiring Defendant to reform the warranty or warranties in a manner deemed to be appropriate by the Court, and to notify all Class members that such warranty or warranties has been reformed and further directing the Defendant to recalculate its warranty liabilities to any Class members who previously resolved warranty claims with Defendant in accordance with the reformed warranty or warranties" and an order requiring Defendant to cease and desist "all unlawful practices" described in the complaint.  The putative class involves Massachusetts residents only.  As the removing party, Defendant bears the burden to establish that the jurisdictional requirements are satisfied.  *Shaw v.*

*Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). However, Defendant has submitted no evidence regarding the expense commensurate with undertaking the above, should such relief be granted. It states only that "a declaratory verdict on these claims, as to one plaintiff or all, could affect warranty limitations on millions of GM vehicles, costing GM millions of dollars." Such unsupported, conclusory allegations are insufficient to establish subject matter jurisdiction. In the consolidated proceeding, this Court carefully considered its jurisdiction with respect to the other transferred actions that were brought under the Magnuson-Moss Warranty Act and, in fact, questioned whether the $50,000 threshold amount in controversy could be satisfied. Plaintiffs, who filed their claims in federal court, established the amount in controversy through aggregation of their claims, which is allowable under the statute, 15 U.S.C. § 2310(d)(3)(B). (*See* Doc. 20, Affidavit in Support of Jurisdiction.) Defendant has not offered competent proof which establishes to a reasonable probability that the amount in controversy exceeds $75,000, exclusive of interest and cost. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, removal on the basis of 28 U.S.C. § 1332(a) is improper.

<u>Conclusion</u>

For the foregoing reasons, this action is **REMANDED** to the Superior Court, Essex County, Massachusetts, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 03/09/06

                                                s/ G. Patrick Murphy
                                                G. PATRICK MURPHY
                                                Chief United States District Judge