IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **GENERAL MOTORS CORPORATION** ) | Civil Case No.: **03-1562-GPM** |
| **DEX-COOL PRODUCTS LIABILITY** ) | and All Member Cases |
| **LITIGATION** ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court are multiple motions related to plaintiffs' efforts to effect a subpoena duces tecum aimed at documents in the possession and/or control of non-party Parker Hannafin Corporation.

Plaintiffs move to compel compliance with a November 2005 subpoena issued by the U.S. District Court for the Northern District of Ohio (Doc. 171), while Parker Hannafin opposes plaintiffs' motion (Doc. 75), and moves to quash the subpoena or, in the alternative, moves for a protective order (Doc. 180). In accordance with 28 U.S.C. § 1407(b), the motion to quash, filed October 30, 2006, in the Northern District of Ohio, was recently transferred to this Court by U.S. District Judge Kathleen M. O'Malley. (Doc. 179). Judge O'Malley noted that the Northern District of Ohio was probably not even the proper Court to issue the subpoena, as the documents sought were to be produced in the Western District of Missouri. Plaintiffs oppose Parker Hannafin's motion (Doc. 182) and, in an apparent effort to cure the defect noted by Judge O'Malley, have now served Parker Hannafin with a second subpoena, issued by the U.S. District Court for the Western District of Missouri. Parker Hannafin has moved to quash the second subpoena or, in the alternative, to "modify" it– essentially seeking a protective order, or asking that the same request be submitted to defendant General Motors. (Doc. 184). Parker Hannafin

1

further moves for oral argument on these discovery issues.  (Doc. 188).

As a preliminary matter, the Court denies Parker Hannafin's motion for oral argument (Doc. 188).   The issues have been thoroughly briefed by the parties, and the Court does not perceive a need for oral argument.

The initial subpoena issued by the U.S. District Court for the Northern District of Ohio (Doc. 180-3) is clearly deficient on its face.  Although Parker Hannafin is an Ohio corporation with its principal place of business in Cleveland, Ohio, the documents were to be produced in Kansas City, Missouri, in the Western District of Missouri.  Federal Rule of Civil Procedure 45(a)(2)(C) dictates that in such a situation the subpoena must issue from the court for the district where the production is to be made.  Production refers to delivery, not retrieval.  **See Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404 (3rd Cir. 2004); see also Fed.R.Civ.P. 45, Advisory Committee Notes, 1991 Amendment, Subdivision (a).**

Plaintiffs' argument that Parker Hannafin waived any objection to the subpoena because its objections were not made within the 14 day period prescribed by Rue 45(c)(2)(B) is not well taken.  Unusual circumstances warrant consideration of the belatedly lodged objections. Initially, plaintiffs and Parker Hannafin informally agreed to extend the time for production; issues arose regarding whether a tag-along case, *Bertino v. General Motors Corp.*[1], in which Parker Hannafin was a named defendant would alter their status and posture for purposes of discovery; and the proprietary interests of defendant General Motors may preclude Parker

---

[1] *Bertino* was transferred to the MDL in October 2005, prior to the issuance of the Ohio subpoena.  On September 27, 2006, *Bertino* was remanded to the Superior Court of San Joaquin County, California.  Parker Hannafin informally attempted to resolve the dispute and then filed its motion to quash on October 30, 2006.  On November 16, 2006, plaintiffs filed their motion to compel in this Court. On December 6, 2006, Parker Hannafin's motion to quash was transferred to this Court.

Hannafin from turning over requested documents (which are allegedly also in General Motors' possession or control). As soon as Parker Hannafin's status solidified, it reassessed its response to the subpoena and acted accordingly. The fact that Parker Hannafin took steps to ready the requested documents in the event production was required is of no relevance, particularly since Parker Hannafin anticipated being formally brought into this action as a defendant, which would have likely served to broaden its discovery obligations. Moreover, Parker Hannafin *and* plaintiffs put off any action on the subpoena until the remand of *Bertino* materially altered the calculus. It would be unfair to find that Parker Hannafin had waived all objections to the subpoena under these circumstances.

For the aforementioned reasons, plaintiffs' motion to compel compliance with the Ohio subpoena (Doc. 171) fails. Accordingly, Parker Hannafin's motion to quash the Ohio subpoena, or for a protective order related to the subpoena (Doc. 180) is moot.

With respect to the second subpoena, issued by the District Court for the Western District of Missouri, plaintiffs obviously remedied their prior error. Although the subpoena was issued by the district where the production is to be made, Parker Hannafin remains beyond the reach of service. In relevant part, Federal Rule of Civil Procedure 45(b)(2) only permits service of a subpoena duces tecum within the district of issuance, or at any place outside that district that is within 100 miles of the place of production. Cleveland, Ohio, is far beyond even the extended 100 mile service area. Therefore, its unopposed motion to quash (Doc. 184) is well taken.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons:

1. Parker Hannafin's motion for oral argument (Doc. 188) is **DENIED**;

2. Plaintiffs' motion to compel compliance with the Ohio subpoena (Doc. 171) is **DENIED**;

3. Parker Hannafin's motion to quash the Ohio subpoena, or for a protective order related to the subpoena (Doc. 180) is **MOOT**; and

4. Parker Hannafin's motion to quash or modify the Missouri subpoena (Doc. 184) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: February 27, 2007**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
